{¶ 38} I respectfully dissent.
 {¶ 39} With respect to appellant's first and second assignments of error, the majority contends that the trial court did not err by finding the amount of spousal support to be $3,000 per month for thirty-six months. I disagree.
 {¶ 40} A trial court is vested with broad discretion over spousal support matters. Fulmer, supra, at 7, citing Blakemore, at 218. "We review a trial court's decision regarding spousal support under an abuse of discretion standard of review." Marchand, supra, at ¶ 15. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore, supra, at 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record.Ferranto, supra, at 676-678.
 {¶ 41} R.C. 3105.18 provides in part:
 {¶ 42} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration *Page 11 
of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 43} "(a) The income of the parties * * *;
 {¶ 44} "(b) The relative earning abilities of the parties;
 {¶ 45} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 46} "(d) The retirement benefits of the parties;
 {¶ 47} "(e) The duration of the marriage;
 {¶ 48} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 49} "(g) The standard of living of the parties established during the marriage;
 {¶ 50} "(h) The relative extent of education of the parties;
 {¶ 51} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 52} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 53} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 54} "(l) The tax consequences, for each party, of an award of spousal support; *Page 12 
 {¶ 55} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 56} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 57} In the case at bar, appellant clearly does not have the earning ability of appellee, whose average annual income is almost $190,000; appellant is sixty-one years old; her social security benefits are substantially smaller than appellee's; the parties were married for almost ten years; during the pendency of the marriage, the parties lived an upper middle class lifestyle; there is a disparity in the parties' education levels, and appellant needs three years to become self-sufficient; and she has lost her income production capacity as a result of being married and staying home to care for the household and animals. R.C. 3105.18(C)(1)(b), (c), (d), (e), (g), (h), (k), and (m).
 {¶ 58} Appellee himself testified that without him there would be no income. The record reflects that even after the trial court ordered that support be reduced, appellee did nothing further to curb his spending. He purchased an expensive car (Porsche), bought numerous household items, and vacationed with his girlfriend. According to appellee, his lifestyle had not changed since the filing of divorce. Instead of properly providing for appellant, who helped him start his business and put him in an excellent financial position, he has chosen to support his girlfriend, who is receiving disability income of her own.
 {¶ 59} In reviewing the trial court's record, I cannot say that the court's determination of the amount of support can be deduced using reason or the record. *Page 13 
The huge inequitable disparity in income after the court's determination of spousal support in my humble opinion is, on its face, unreasonable and an abuse of discretion.
 {¶ 60} I believe the trial court should have equalized the income between the parties for a greater time period, and permit modification if there is a change in the income of the parties.
 {¶ 61} Accordingly, I would reverse and remand the judgment of the trial court. *Page 1